IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BODUM USA, INC.**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 4767 |
| | ) | |
| **SUPREME MARKETING, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This Court has just received the intellectual property Complaint and related documents filed by Bodum USA, Inc. ("Bodum") in this action against Supreme Marketing, Inc. ("Supreme"). This memorandum order is issued sua sponte to pose an inquiry as to the appropriateness of filing Bodum's lawsuit in this judicial district.

This Court of course recognizes that Complaint ¶ 6 correctly alleges the existence of subject matter jurisdiction, while Complaint ¶ 7 advances a plausible predicate for in personam jurisdiction over Supreme and Complaint ¶ 8 (when coupled with other Complaint allegations) plausibly asserts the propriety of venue in this Northern District of Illinois.

That said, however, an obvious problem as to Bodum's <u>choice</u> of venue figuratively jumps off the pages of the Complaint and strikes the reader's eye. Complaint ¶ 2 identifies Bodum's principal place of business as New York, New York, while Complaint ¶ 4 identifies Supreme as a California corporation with its principal place of business in Milipitas, California. Although Supreme's marketing (including advertising) and sale of its assertedly infringing French press coffeemakers is alleged to be countrywide, including Illinois (Complaint ¶¶ 5, 7

and 9), nothing that Bodum's counsel has alleged even hints at the Illinois situs of any relevant witnesses or other sources of proof in this judicial district.'

This Court has had many occasions over the years to comment on, or to base venue rulings on, the truism that the convenience of <u>counsel</u> is not one of the criteria that are spelled out in 28 U.S.C. § 1404(a) or that enter significantly (if at all) into the conceptual mix of factors that the caselaw utilizes in applying that statute. If what has been said here poses a problem in that respect, it should be dealt with at the outset. Accordingly Bodum's counsel are directed to file (with a paper copy delivered to this Court's chambers, as prescribed by LR 5.2(f)) a brief memorandum on or before May 13, 2016 addressing the issue raised in this memorandum order.

                                                 _____
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date: May 2, 2016